79,805-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 11 2015

Abel Acosta, Clerk

CAUSE NO: 1235728-A

JUAN R. DELGADO

v.

STATE OF TEXAS

§
§
§
§
§
§
§

COURT

OF

CRIMINAL APPEALS

---

APPLICANT'S RESPONSE TO STATE'S PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW, AND THE STATES
ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juan R. Delgado, applicant, pro se, filing this, his response in the above-captioned cause, having been served with the States Proposed Findings of Fact and Conclusions of Law, and the states Original Answer to applicants application for writ of habeas corpus would show the following:

I.

The applicant concurs with the state in it's finding that pursuant to the judgement and sentence of the 182ND district court of Harris County, Texas, in cause no. 1235728, where the applicant pled guilty to the felony offense of Enticing a Child. Pursuant to applicant's plea bargain agreement, the trial court sentenced the applicant to (9) nine years confinement in the Texas Department of Criminal Justice-Institutional Division. No direct appeal was taken.

II.

The state has denied the factual allegations made in applicant's instant application, except those supported by official court records and it stated "even if sworn, applicant's allegations are insufficient the states denials, and furthermore, the applicant has failed to meet his burden of alleging and proving by a preponderance of the evidence, facts which, if true, entitle him to habeas relief. Also offering that the instant application is without merit and should therefore be denied.

1.

## III.

Applicant argues that the states findings of fact and legal conclusions are arbitrary and uninvestigated. Applicant begins his answer by pointing out that the district court makes no distinction between the original application for writ of habeas corpus and applicant's amended original application. If the state is making answer to the original application then they will only find conclusory allegations founded on applicant's memory of the facts, alone. If the state is making answer to the amended application, then it is also true that applicant could not meet his burden of alleging and proving certain claims because even through due diligence he could not acquire certain evidence to perfect his claims which only an evidentiary hearing can cure. "A failure to develop a factual basis for a claim is not established unless there is a lack of diligence, or some greater fault, attributable to petitioner or petitioner's counsel." Williams v. Taylor, 120 s.ct. 1479 (2000). All other claims are firmly grounded in the record, federal and state law, the amended application and it's memorandum of law.

Applicant asserts that a distinction must be made by the district court as to which application was being reviewed. When applicant recieved the Original Answer from the state and its proposed findings of fact and conclusions of law, it was addressed to applicant's transit unit to which he has not resided at since November of 2012, over 2½ years ago, despite address changes submitted to the district clerk in a timely manner as indicated by filed letters from applicant to district court. This leads one to presume that the state has done so little to understand applicant's meritorious claims that it didn't even know where to send it's answer despite fair and adequate notice given multiple times, by applicant, of current address changes. It also leads applicant to believe that it is the original application and not the amended application it is making Answer to because the Gurney Unit address was where petitioner was in custody at the filing of the original application.

Applicant also asserts that it is the amended application that must be considered as it is grounded in the record and complies with Texas Rules of Civil Procedure, Rule 62, 63, 64, and 65 concerning amended petitions, was submitted and filed timely, and did not operate as a surprise to the opposing party. The amended application, in short, is proper and in the interest of justice.

2.

Applicant further argues that the district court and the state had made no factual findings or legal conclusions in the over 2½ years since applicant filed the original application and then, suddenly, on May 20, 2015, the very same day this Court issued it's per curiam Order, the state submits it's proposed findings of fact, conclusions of law, and States Answer. It is impossible for the state to have made any rational factual findings or legal conclusions on (9) nine constitutional violations that were clearly defined, explained, and then justified by state and federal law and case law, and were clearly supported by the record, in less than one day. As applicant has asserted to this Court recently, there is no presumption of correctness from a lower court that inordinately wastes time in considering the most important and fundamental rights as one's liberty, and freedom from an arbitrary conviction, makes legal conclusions without any real or fair investigation into applicant's factual allegations and then proposes to the judge of said habeas court to adopt these frivolous findings and conclusions for a plea hearing in which that judge did not preside. Bower v. Quarterman, 497 F.3d 162, 128 S.Ct. 2051 (no presumption of correctness); Deters v. Collins, 985 F.2d 789 (inordinate and unjustifiable delay). These decisions by the state and the district court are "objectively unreasonable" Lockyer v. Andrade, 538 US 63, 123 S.Ct. 1166.

In reference to the original application for writ of habeas corpus filed on September 28, 2012, the state filed a designation of issue motion for ineffective assistance of counsel as an issue to be resolved and the Court so Ordered. After 2 years with no findings of fact or conclusions of law, and, in fact, the state did not even acquire an affidavit from applicant's attorney, Thomas A. Martin, to resolve an issues, applicant properly amended the ineffective counsel claim with it's identical allegations as those in the original application. The state, in it's findings of fact and conclusions of law found that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement that require an evidentiary hearing, but the state, in it's own motion, found that there was a controverted issue that needed to be resolved, which they never did, so, again, to make any finding that there is no

3.

controverted or previously unresolved facts that do not require an evidentiary hearing is objectively unreasonable. Lockyer v. Andrade, supra..

The state, and through her agents, has denied applicant any access, through due diligence, to the 2008 police report of Brandy Allen's impeachment of her direct allegations as to the original indictments in cause no's. 1235728 & 1235729 which, but for counsel's ineffectiveness, applicant would have proceeded to trial, and that trials outcome would have been different, an outcome that is reliable,

Under Townsend v. Sain, 83 S.Ct. 745 (1963), the district court must determine if an evidentiary hearing is required on any factual issues presented by applicant but not adequately developed by the court's process or incorrectly stated by the courts findings, then the Court of Criminal Appeals must determine if they are bound by the district courts findings,

The Texas Court of Criminal Appeals cannot fairly determine if T.C.C.P. Art. 11.07 sec. 3(d) applies until some sort of meaningful hearing occurs in order to consider all the relevant genuine facts including those developed by the district court. Only then can the High court decide if any presumption of correctness applies to the district courts findings of facts or if applicant has convincingly rebutted that presumption.

Does the process and substance of the district courts findings call for additional hearings because the district court "failed to get it right" based on the facts and evidence presented by applicant that are clearly supported by the record or were inadequately developed by the district court's habeas process and are therefore unreasonable within the meaning of 28 U.S.C. § 2254 (d)(2), Bennett v. Hargett, 174 F.3d 1128,1136 (10th cir. 1999); Williamson v. Ward, 110 F.3d 1508, 1521, n.14, (10th cir. 1997); McDonald v. Johnson, 139 F.3d 1056 (5th cir. 1998).

Applicant respectfully requests that this Honorable Court provide a meaningful and careful analysis to his extraordinary case and this analysis will demonstrate he is entitled to an evidentiary hearing on each of his grounds because:

4.

(1) Applicant's amended application and subsequent arguments clearly allege facts that, if proven, entitles him to relief. Hill v. Lockhart, 474 U.S. 52, 60 (1985); Townsend v. Sain, 372 US at 312.

(2) The fact based claims by applicant are supported by the record and, therefore, are not "palpably incredible", frivolous, or false. Blackledge v. Allison, 431 US 63 (1977); Carter v. Collins, 918 F.2d at 1202 (5th Cir. 1990).

(3) For reasons beyond the control of applicant these claims were not subjected to a full, fair, and adequate hearing in the district courts habeas process, and did not resolve all the controlling or relevant factual issues; Barnes v. Elo, 231 F.3d 1025 (6th Cir. 2000); Townsend v. Sain, supra., § 2255; U.S. v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

The habeas courts findings are unreasonable based on the amended application and the record; see Dobbs v. Zants, 506 U.S. 357, 357-359 (1993), 113 S.Ct. 835. This Court need not defer to states assessment because they are clearly contrary to the record, and any factual findings, or legal conclusions are blatantly erroneous. Johnson v. Trigg, 28 F.3d 639, 644 (7th Cir. 1994), which requires an independant de novo review. U.S. v. Jones, 172 F.3d 381, 384 (5th cir. 1999)

Court of Criminal Appeals is not bound by habeas judges findings, conclusions, or recommendations when they are not supported by the record. As applicant has stated in his amended habeas claims, which he relies on, the district courts findings are contrary to the record. U.S. Ex Rel Ross v. Franzen, 668 F.2d 933, 939 (7th Cir. 1982), and controlling laws; Sullivan v. Cuyler, 723 F.2d 1077 (3rd Cir. 1983), and represents an obvious attempt to conceal the relevant facts, the controlling legal principles, and misrepresent the "plain language". Miller v. French, 530 U.S. 327 at 341, 120 S.Ct. 2246 (2000).

Applicant is pleading with this Court to obtain a copy of the following under T.C.C.P. Art. 11.07 sec. 3(d), so that it's conclusions will be based on the facts as revealed by the record:

(1) 2008 Police report of Brandy Allen's impeaching complaint of internet stalking by applicant.

(2) Harris County Sheriff's attorney/client visitation log for March 22, 2011.

(3) Transcript of phone conversation between applicant while in Harris County jail, with father regarding lack of notice on October 18, 2011.

(4) Deposition of Michele Dant regarding statements made to Private Investigator Benito Segura, wherein, she makes exhonerating statements about applicant in the instant offense of Enticing a Child.

In denying an evidentiary hearing the district court fails to resolve the factual dispute and the well-defined questions of law raised by applicant and the Due Process Clause of the United States Constitution, The applicant raises questions of law and fact which cannot be resolved by the Court of Criminal Appeals by the record alone but require some meaningful inquiry consistant with an evidentiary hearing.

IV.

Service has been accomplished by sending a copy of this instrument to the following address:   Chris Daniel
Harris County District Clerk
Attn: 182ND District Court
P.O. Box 4651
Houston, Tx. 77210-4651

SIGNED this, the 7 day of June, 2015.

Respectfully Submitted,

Juan R. Delgado #1747681
Applicant, Pro se
Connally Unit
899 F.M 632
Kenedy, Tx 78119

6.